# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

CHRISTINA MARZIALE,                                                                           PLAINTIFF

v.                                            4:15CV00655-JLH-JJV

PHYLISS SILAS                                                                                    DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a  hearing is granted) was not offered at  the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

1

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Plaintiff Christina Marziale alleges that Defendant Phyliss Silas violated her constitutional rights by denying her adequate medical care during her pregnancy and refusing to allow her to consult with her lawyer in a confidential setting.  (Doc. No. 2 at 1-3.)[1]  Plaintiff claims one of her twin children was delivered stillborn as a result of inadequate medical care.  (*Id*.)  The other child survived and is undergoing treatment.  (*Id*.)  This action is brought under 42 U.S.C. § 1983 and the Arkansas Civil Rights Act ("ACRA") of 1993.  (*Id*. at 1.)  Defendant argues she is entitled to summary judgment because Plaintiff failed to exhaust her administrative remedies before filing this suit.  (Doc. No. 9.)  Plaintiff has responded to this Motion,  (Doc. No. 13), and Defendant has replied (Doc. No. 16).

## II.    SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317,

---

[1]This action was initially filed in Pulaski County Circuit Court and removed to this Court on October 21, 2015.  (Doc. No.1.)

321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.*  (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

There are two issues before me.  The first question is whether Plaintiff was required to comply with exhaustion requirements of the Prison Litigation Reform Act (PLRA) before bringing this suit.  The second question is whether those remedies were actually exhausted.  After careful review of the pleadings, I conclude Plaintiff was required to exhaust all claims except those arising exclusively under the ACRA and she failed to do so.

### A.   Plaintiff was Required to Exhaust Before Bringing this Suit

The PLRA requires an inmate to exhaust prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).  Plaintiff argues this requirement is inapplicable to her claims because (1) she initially brought this suit in state court; (2) she suffered an injury significant enough to overcome the PLRA; and (3) the PLRA does not apply to claims brought on behalf of the living

3

child. (Doc. No. 14.)

First, the PLRA's exhaustion requirements apply with equal measure to a prisoner's claims which are initially brought in state court and then removed to federal court. *See Blakely v. Ozmint*, 2006 U.S. Dist. LEXIS 71409, 2006 WL 2850545 (D.S.C. 2006) ("Plaintiff's argument that the PLRA exhaustion requirements apply only when a prisoner sues in federal court is without merit. The statute does not make such a differentiation . . ."); *see also Alexander v. Walker*, 2003 U.S. Dist. LEXIS 1989, No. C 02-578 SI (PR), 2003 WL 297536, at *2 (N.D. Cal. Feb. 10, 2003) ("The language of § 1997e does not appear to be limited to actions filed in federal court by prisoners, and the court has not located any authority to not apply § 1997e to removed actions."). The language of § 1997e(a) emphasizes its applicability to actions brought under "section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law . . ." 42 U.S.C. § 1997e(a). Accordingly, Plaintiff's claims arising under 42 U.S.C. § 1983 and, by extension, the Sixth and Eighth Amendments of the Constitution are governed by this requirement.

Second, Plaintiff's reliance on the PLRA's physical injury requirement is misplaced. This requirement, contrary to Plaintiff's assertions, does not create an exemption to otherwise mandated exhaustion; it speaks only to recovery limitations. The language of § 1997e(e) reads:

> Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18, United States Code).

42 U.S.C. § 1997e(e). Nothing therein can be construed to limit the effect of the exhaustion requirement. Allegations of physical injury, however serious, must still be exhausted. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002) (holding that "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and

4

whether they allege excessive force or some other wrong."). Based on the foregoing, I also recommend denial of Plaintiff's request for additional discovery on the issue of her physical injury.

With regard to Plaintiff's final argument, I agree that any claim which is brought on behalf of the surviving child would not be subject to the PLRA's exhaustion requirements. However, a review of Plaintiff's Complaint finds only a single line related to the surviving child. It says, "Plaintiff brings this action on behalf of her living child, who is presently at the Arkansas Children's Hospital and has incurred significant medical expense because of Defendant's actions and inactions." (Doc. No. 2 at 2.) But there is only one Plaintiff in this action - Christina Marziale. Therefore, this argument fails to state a basis to overcome the exhaustion requirement for the instant claims.

Finally, Plaintiff's claims which arise exclusively under the ACRA do not invoke questions of federal law and are, therefore, not governed by the PLRA.[2] Defendant asserts these state claims ought to be dismissed under A.C.A. § 16-106-202 which provides that inmates must exhaust their administrative remedies before bringing suit against "the state, the Board of Corrections, the Department of Correction, the Department of Community Correction, another state agency, or a political subdivision, or an original action in an appellate court, or an appeal of an action . . ." Plaintiff has sued only Phyliss Silas in this action and seeks both official capacity injunctive relief and individual capacity damages against her. (Doc. No. 2.) The official capacity claims against the Defendant are governed by this provision insofar as they are effectively claims against the state itself. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). I am not convinced that § 16-106-202 applies to Plaintiff's individual capacity claims, however. Nothing in the plain language of the statute

---

[2]It is unclear how many claims are brought under the ACRA. The Complaint makes specific reference only to the alleged violation of Plaintiff's right to counsel insofar as it states, "This is an action brought for violation of Plaintiff's right to counsel under the ACRA of 1993 and the Sixth and [Eighth] Amendments to the United States Constitution." (Doc. No. 2 at 1)

indicates it was intended to apply to individual claims against employees of the named entities.[3]

Accordingly, I recommend all of Plaintiff's state claims arising under the ACRA not be dismissed

without prejudice.  Instead, these state claims and the question of § 16-106-202 applicability thereto

should be remanded to state court.  *See Thomas v. Dickel*, 213 F.3d 1023, 1026 (8th Cir. 2000)

("[F]ederal courts should 'exercise judicial restraint and avoid state law issues wherever possible.'")

(quoting *Condor Corp. v. City of St. Paul*, 912 F.2d 215, 220 (8th Cir. 1990)).

### B.      Plaintiff Did Not Exhaust Administrative Remedies

Defendant has presented an affidavit which states (1) grievances at the Arkansas Community

Correction's Southeast facility are governed by Directive 15-08; and (2) according to Plaintiff's file,

no grievances have been submitted in connection with the instant allegations.  (Doc. No. 9-1 ¶¶ 3-6.)

A copy of Directive 15-08 has not been submitted for review, but Defendant states prisoners are

required to submit a "Complaint Form for Residents," followed by a formal written grievance

presented to a Grievance Officer within five days of the offending incident.  (Doc. No. 10 at 3-4.)

Then, the decision on that formal grievance may be appealed to the Center Supervisor and for review

by the Deputy Director of Residential Services.  (*Id*. at 4.)

For her part, Plaintiff disputes she did not exhaust, noting her counsel submitted two letters

related to these issues on her behalf.  (Doc. No. 15 at 1.)  Taken as true, these letters have no bearing

on whether Plaintiff exhausted her claims.  "[T]o properly exhaust administrative remedies, prisoners

must 'complete the administrative review process in accordance with the applicable procedural

rules,' **rules that are defined not by the PLRA, but by the prison grievance process itself**."

*Jones v. Bock*, 549 U.S. 199, 218 (2007) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)

---

[3]If Defendant has additional argument or authority which supports application of § 16-106-202 to these state claims, she may include it in her objections to this recommendation.

(emphasis added).  Defendant's characterization of Directive 15-08[4] makes no provision for an alternate method of exhaustion by way of outside letters.

Based on the foregoing, I conclude Plaintiff did not exhaust her administrative remedies prior to filing this suit.  Her claims which arise under 42 U.S.C. § 1983 should be dismissed without prejudice on this basis.  As previously stated, the Court should decline to assert pendent jurisdiction over her remaining ACRA claims and remand those claims to state court.  *See Johnson v. City of Shorewood*, 360 F.3d 810, 819 (8th Cir. 2004) ("The Supreme Court has noted that in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine. . . will point toward declining to exercise jurisdiction over the remaining state-law claims.") (internal quotation and citation omitted); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) ("We conclude that a district court has discretion to remand to state court a removed case involving pendent claims upon a proper determination that retaining jurisdiction over the case would be inappropriate.").

## IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED THAT:

1.      Defendant's Motion for Summary Judgment (Doc. No. 9) be GRANTED in part and DENIED in part.

A.     Plaintiff's claims which arise under 42 U.S.C. § 1983 be DISMISSED without prejudice for failure to exhaust administrative remedies.

B.     Plaintiff's state law claims which arise exclusively under the Arkansas Civil Rights Act of 1993 be remanded to state court.

2.      Plaintiff's Motion for Temporary Restraining Order (Doc. No. 3)

---

[4]Which, having been submitted by her counsel, I take to be true.

be DENIED without prejudice as MOOT.

Dated this 10th day of November, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE